IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARREN S. KOGER,

          Petitioner,

     v.                      CASE NO. 13-3007-RDR

C. MAYE, Warden,
USP-Leavenworth,

          Respondents.

## O R D E R

This petition for writ of habeas corpus was filed pro se pursuant to 28 U.S.C. § 2241 by an inmate of the Federal Prison Camp, Leavenworth, Kansas. Petitioner has paid the filing fee. He seeks a court order requiring the Bureau of Prisons (BOP) to consider his request for 12-months placement in a Residential Re-entry Center (RRC) earlier and more favorably. Having considered the petition, the court finds as follows.

## PETITION IS NOT ON FORMS

Local court rule requires that habeas corpus applications be submitted upon court-approved forms. Petitioner has not utilized the forms. Instead, he has filed a very lengthy and general legal memorandum that presents few facts from his particular case. He is required to submit his application upon the proper forms. If he fails to comply within the time allotted, this action may be dismissed without further notice.

1

**FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

It has long been held that exhaustion of all available administrative remedies is a prerequisite to a federal prison inmate seeking judicial review of administrative action by the BOP and federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *see also Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *McClung v. Shearin*, 90 Fed.Appx. 444, 445 (4th Cir. 2004)(citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2nd Cir. 2001); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981)). Administrative exhaustion is generally required for three valid reasons: (1) to allow the agency to develop a factual record and apply its expertise, which facilitates judicial review; (2) to permit the agency to grant the relief requested, which conserves judicial resources; and (3) to provide the agency the opportunity to correct its own errors, which "fosters administrative autonomy." *See Moscato v. Federal BOP*, 98 F.3d 757, 761-62 (3rd Cir. 1996). In order to have fully exhausted, petitioner must have raised claims on administrative appeal[1] that are

---

[1] The BOP provides a three-level Administrative Remedy Program for inmates to obtain "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. First, an inmate must attempt informally to resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If the concern is not informally resolved, an inmate may file an appeal to the Warden. 28 C.F.R. § 542.14. Next, an inmate may appeal an adverse decision to the Regional Director. 28 C.F.R. § 542.15(a). Finally, the inmate may appeal to the BOP's Central Office. *Id*. No administrative remedy appeal is considered fully and finally exhausted until it has been denied by the Central Office. *Id*. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

identical to those he now presents in this federal habeas corpus petition.

It is clear from petitioner's arguments and exhibits that he has not fully exhausted administrative remedies. This is true whether his claim is that his application for RRC placement was considered too late to allow for exhaustion of administrative and judicial remedies or that he was improperly denied RRC placement for the full 12 months. Petitioner's exhibits show that his first BP-8 filed on July 16, 2012, simply claimed that he needed 12 months halfway house and was "answered on the spot by (his counselor)." Petitioner appealed by way of a BP-9, and exhibits the response from Warden Maye dated September 7, 2012, which provided in pertinent part:

> [Y]ou indicate that you require additional time in (an RRC) pursuant to the Second Chance Act. For relief, you request up to 12 months in an RRC. . . . [S]econd Chance Act considerations are ordinarily conducted 17 to 19 months prior to your release. The request will be considered in conjunction with your regularly scheduled program review . . . in October 2012. At that time you will be approximately 20 months from release.

Petition (Doc. 1) Attach. 11. During this time petitioner also pursued a separate administrative remedy seeking action on his first grievance. Mr. Koger does not allege facts or provide exhibits showing that he filed a BP-8, BP-9, BP-10, and a BP-11 challenging the decision made during his Second Chance Act Consideration or even his complaint regarding the time frame of the RRC placement decision

3

relative to the review process.

There are "limited exceptions" to the exhaustion prerequisite, including "a narrow futility exception," which the Tenth Circuit Court of Appeals has "recognized in the context of petitions brought under 28 U.S.C. § 2254;" and "other circuits have recognized in the context of petitions brought under § 2241." *See Ciocchetti v. Wiley*, 2009 WL 4918253 (10th Cir. Dec. 22, 2009, unpublished)[2](citing *see Fairchild v. Workman,* 579 F.3d 1134, 1155 (10th Cir. 2009); *see e.g., Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006)). Such exceptions "apply only in 'extraordinary circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review." *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)(citations omitted).

Petitioner argues that exhaustion should be excused in his case because it will take too long based upon the time guidelines for each tier of the Bureau of Prisons' administrative remedy process, and it would be futile based upon BOP Director Harley Lappin's general statement in 2008 not to expect the Second Change Act to result in a substantial move to RRC facilities. In support of these arguments, he alleges that were he required to pursue administrative remedies, he "would likely be near his last twelve months" or "inside the twelve months before his release date." He claims that the time frame

---

[2] This unpublished case is cited for its reasoning only, and not as binding precedent.

for administrative remedies is unreasonable and speculates that with all the extensions available to prison authorities, exhaustion could take as long as 140 to 220 days. Petitioner's corollary argument is that requiring full exhaustion could deprive him of time in an RRC.

Petitioner has alleged no facts showing that his personal situation presents a "peculiar urgency." With his initial administrative grievance, he presented a budget of projected living expenses and conditions in the area of his release including high unemployment and lack of contacts, which are not unusual.

Similarly, exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will not obtain relief on administrative appeal before the final year of his sentence. The twelve-month mark in the Second Chance Act is an express statutory maximum, and not a mandated minimum. *See* 18 U.S.C. 3624(c)(1)-(6). Petitioner's arguments to the contrary are not convincing.

That exhaustion could deprive petitioner of RRC time is not, in and of itself, such an extraordinary circumstance as to warrant waiver of the exhaustion requirement. The Supreme Court has required that even those inmates who may be entitled to immediate release exhaust their administrative remedies. Faced with the argument "that to require exhaustion of state remedies . . . would deprive a . . . prisoner of the speedy review of his grievance which

5

is so often essential to any effective redress," that Court acknowledged that "exhaustion of . . . remedies takes time" but concluded "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973).

In short, petitioner has not met his burden of showing extraordinary circumstances that exempt him from the exhaustion requirement. Accordingly, the court finds this § 2241 petition is subject to being dismissed for failure to exhaust.

## **FAILURE TO STATE CLAIM FOR RELIEF UNDER § 2241**

In addition, the court finds that Mr. Koger has failed to state facts to support a claim for relief under 28 U.S.C. § 2241. 28 U.S.C. § 2241(c)(3) pertinently provides: "The writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody in violation of the Constitution or laws or treaties of the United States . . . ." He asks the court to order the BOP to consider his application for placement "in good faith" and "on an individualized basis using the five factors" in 18 U.S.C. § 3621(b) and to take into account the language of 18 U.S.C. § 3624(c)(6)(C), which he claims grant[s] him the maximum amount of time in an RRC to provide the "greatest likelihood of successful reintegration into the community." However, he alleges no facts to show that proper consideration of the requisite statutory provisions was not provided in determining

6

his RRC placement.  He provides little if any information regarding the October decision as to his RRC placement.  From that consideration, he provides only page 2 of his "latest program review," which shows his programming and education history.  *Id.* (Attach. 18).  The court concludes that Mr. Koger does not allege facts or provide exhibits showing that his Second Chance Act Consideration conducted in October 2012 was without consideration of the requisite statutory factors or otherwise a violation of federal or constitutional law.

Petitioner is given thirty (30) days in which to show cause why this action should not be dismissed for failure to exhaust and for failure to state a claim under § 2241.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to submit his petition upon court-provided forms and to show cause why this action should not be dismissed for failure to exhaust administrative remedies and failure to state a claim entitling him to relief.

The clerk is directed to send petitioner § 2241 forms.

**IT IS SO ORDERED.**

**DATED:  This 14th day of February, 2013, at Topeka, Kansas.**

<u>s/RICHARD D. ROGERS</u>
**United States District Judge**